# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                                |   |                      |
|--------------------------------|---|----------------------|
| UNITED STATES OF AMERICA,      | ) |                      |
|                                | ) |                      |
| Plaintiff,                     | ) |                      |
|                                | ) |                      |
| v.                             | ) | Case No. 07-20168    |
|                                | ) | 10-2451              |
| BILLY TRINKLE,                 | ) |                      |
|                                | ) |                      |
| Defendant.                     | ) |                      |
|                                | ) |                      |

## MEMORANDUM AND ORDER

On February 7, 2011, the court filed a Memorandum and Order (doc. 1312) denying Billy Trinkle's petition to vacate his sentence pursuant to 28 U.S.C. § 2255 and also denying a certificate of appealability. The court now addresses Mr. Trinkle's motion for reconsideration (doc. 1367), and for the reasons set forth below, that motion is denied in part and granted in part.

**1. Background**

In preparation for sentencing, the United States Probation Office prepared a presentence report (PSR) (doc. 998). In that report, Mr. Trinkle was designated as a career offender under U.S.S.G. § 4B1.1(a) due to prior convictions for criminal threat and attempted aggravated battery. The PSR calculated Mr. Trinkle's adjusted offense level under the United States Sentencing Guidelines to be 30, but based on the career criminal designation, the offense level became 37. This offense level, along with a

criminal history of category of VI, yielded a guideline range of 360 months to life imprisonment. At the sentencing hearing on September 18, 2009, the court overruled Mr. Trinkle's objection to imposition of career offender status. Ultimately, however, the court varied from the guideline range to impose a sentence of 240 months. His conviction and sentence were not appealed.

On August 13, 2010, Mr. Trinkle filed a § 2255 petition, arguing that the court erred in designating him as a career offender because his prior convictions for criminal threat do not constitute a crime of violence in light of *Johnson v. United States*, 130 S. Ct. 1265 (2010) (doc. 1273). Specifically, he argued that (1) the Kansas criminal threat statute does not require the kind of violent force *Johnson* described–capable of causing physical pain or injury, and (2) nothing about his criminal threat convictions required that the threat of force be targeted against another person (*id.*).

**2. Standard**

A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or controlling law. It is not appropriate to revisit issues already addressed or advance argument that could have been raised in prior briefing." *Id.* (citations omitted). A motion to reconsider "is not a second opportunity

for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1360–61 (D. Kan. 2004).

As a pro se litigant, Mr. Trinkle is entitled to leniency, and the Court liberally construes his allegations. *See Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994). The Court, however, may not become an advocate for Mr. Trinkle. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**3. Analysis**

Mr. Trinkle contends that "the Court misapprehended the facts and law before the Court" (doc. 1367, at 1). He does not, however, specify any facts he believes were misapprehended. Instead, Mr. Trinkle revisits the same issues offered in his original § 2255 petition. Specifically, he again argues that the Court erroneously designated him as a career offender because his prior convictions for criminal threat do not constitute crimes of violence in light of *Johnson v. United States*, 130 S. Ct. 1265 (2010). Mr. Trinkle expands his previous argument by contending that under *Begay v. United States*, 553 U.S. 137 (2008), a criminal threat is not a crime of violence. He requests reconsideration of his § 2255 petition in light of three recent Circuit decisions. *See United States v. Cruz-Rodriguez*, 625 F.3d 274 (5th Cir. 2010); *United States v. Johnson*, 376 Fed. App'x 205 (3d Cir. 2010) (unpublished); *United States v. Ortiz-Gomez*, 562

F.3d 683 (5th Cir. 2009)[1].

According to the Sentencing Guidelines, a defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Only the third prong–whether the prior conviction is for a crime of violence–is at issue here. A "crime of violence," as that term is used in § 4B1.2 of the 2009 Sentencing Guidelines, means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has an element the use, attempted use, or threatened use of physical force against the person of another."

In determining whether a conviction qualifies as a "crime of violence" under § 4B1.2, courts "apply a categorical approach that looks to the words of the statute and judicial interpretations of it, rather than to the conduct of any particular defendant convicted of that crime." *United States v. Wise*, 597 F.3d 1141, 1144 (10th Cir. 2010). In certain circumstances, however, this categorical approach allows a court to look beyond the statute of conviction. "[I]f the statute encompasses both conduct that would qualify as a crime of violence and conduct that would not, we employ a modified

---

[1] Mr. Trinkle submitted his § 2255 petition on August 13, 2010 (doc. 1273). Two of the cases cited in Mr. Trinkle's motion for reconsideration were available at the time he submitted his § 2255 petition. *See United States v. Johnson*, 376 Fed. App'x 205 (3d Cir. 2010) (decided April 19, 2010); *United States v. Ortiz-Gomez*, 562 F.3d 683 (5th Cir. 2009) (decided March 10, 2009).

categorical approach." *Id.* Courts examine "the statutory elements, the defendant's charging documents, plea agreement and colloquy (if any), and the uncontested facts found by the district judge to determine whether the particular defendant's conduct violated the portion of the statute that is a crime of violence." *Id.*

*A.    Previously Asserted Argument*

Mr. Trinkle relies on *United States v. Ortiz-Gomez*, 562 F.3d 683 (5th Cir. 2009) and *United States v. Cruz-Rodriguez*, 625 F.3d 274 (5th Cir. 2010) to raise the same argument as he did in his § 2255 petition–that his prior conviction for criminal threat is not a crime of violence under § 4B1.2(a)(1).

A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or controlling law. *Servants of the Paraclete*, 204 F.3d at 1012. It is not appropriate to revisit issues already addressed by the Court. *Id.* A motion to reconsider "is not a second chance for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1360-61 (D. Kan. 2004).

Here, Mr. Trinkle does not demonstrate that reconsideration is justified because of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Rather, he merely asserts the same argument the Court has already addressed.[2] Therefore, the Court finds that Mr. Trinkle

---

[2] Although the Court addressed the merits of Mr. Trinkle's § 2255 petition, it also
(continued...)

has failed to demonstrate that reconsideration is warranted. *See Servants of Paraclete*, 204 F.3d at 1012 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Nonetheless, even if the Court considered Mr. Trinkle's argument on the merits, his claim fails because both *Ortiz-Gomez* and *Cruz-Rodriguez* are distinguishable. First, in *Ortiz-Gomez*, the Pennsylvania terroristic threat statute under which the defendant was convicted contains different language than the Kansas criminal threat statute under which Mr. Trinkle was convicted. The Pennsylvania statute reads: "A person commits the crime of terroristic threats if the person communicates . . . a threat to commit any *crime of violence* with intent to terrorize another." 18 Pa. Cons. Stat. § 2706(a)(1) (emphasis added). Based on the definition of "crime of violence" under Pennsylvania law, the Fifth Circuit construed that phrase in § 2701(a)(1) to include a threat to commit

---

²(...continued)
explained that his arguments could have been procedurally defaulted because they were not raised on direct appeal, stating:
> [i]t appears that the arguments in Mr. Trinkle's § 2255 petition have been procedurally defaulted because they were not raised on direct appeal. When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). Although a court can raise this procedural bar sua sponte, *Hines v. United States*, 971 F.2d 506, 508 (10th Cir. 1992), the court will not do so here. Addressing the procedural bar issue now would delay the disposition of Mr. Trinkle's § 2255 motion and would not serve "the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice." *United States v. Wiseman*, 297 F.3d 975, 979-80 (10th Cir. 2002); *see also Hines*, 71 F.2d at 509

(doc. 1312, at 3 n.1).

arson. *Ortiz-Gomez*, 562 F.3d at 685-87. Thus, the court reasoned, § 2701(a)(1) does not have as an element the use, attempted use, or threatened use of force against a person. *Id.* at 687. The Kansas statute defines criminal threat as any threat to "commit violence communicated with intent to terrorize another, . . . or in reckless disregard of this risk of causing such terror." Kan. Stat. Ann.§ 21-3419(a)(1). Unlike the Pennsylvania statute, the Kansas criminal threat statute does not include the phrase "crime of violence." Because the key language on which the Fifth Circuit based its decision is absent in the Kansas statute, the court's reasoning in *Ortiz-Gomez* is inapposite here. As such, Mr. Trinkle's argument provides no basis for reconsideration of the Court's prior Order.

Second, Mr. Trinkle's reliance on *Cruz-Rodriguez* is similarly misplaced. In *Cruz-Rodriguez*, the defendant was convicted of committing criminal threat under the California Penal Code. The California criminal threat statute states that

> [a]ny person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made verbally, in writing, or by means of an electronic communication device, is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison.

Cal. Penal Code § 422. The Fifth Circuit held that "'because it is possible under

[California] law for the State to obtain a conviction under [this] statute without proof of the threatened use of physical force against another person'" the offense lacks an element of use, attempted use, or threatened use of physical force against the person of another, and, thus, is not a crime of violence. *Cruz-Rodriguez*, 625 F.3d at 276 (quoting *United States v. De La Rosa-Hernandez*, 264 Fed. App'x 446, 447-49 (5th Cir. 2008) (unpublished)).

The Kansas criminal threat statute requires a different line of reasoning than does the California statute. As previously explained by the Court,

> The Kansas statute under which Mr. Trinkle was convicted defines criminal threat as any threat to "commit violence communicated with intent to terrorize another, . . . or in reckless disregard of the risk of causing such terror." Kan. Stat. Ann. § 21-3419(a)(1). The common understanding of "violence" includes force capable of causing pain or injury. Indeed the Supreme Court used "violent"–a variation of the precise word in the Kansas statute–to define the level of force needed. *Johnson*, 130 S. Ct. at 1271. Put another way, a threat to commit violence that would terrorize another inherently occurs through the threatened used of physical force capable of causing pain or injury.

(doc. 1312, at 5-6). Thus, the Kansas criminal threat statute requires proof of the threatened use of physical force against another person. As such, this argument provides no basis for reconsideration of the Court's prior Order.

*B.     New Argument*

Mr. Trinkle relies on *United States v. Johnson*, 376 Fed. App'x 205 (3d Cir. 2010) (unpublished) to argue that because the Kansas criminal threat statute permits a conviction based on a *mens rea* of recklessness, the statute does not require the kind of

8

force required to be a crime of violence. *See* § 4B1.2(a)(1) (required "threatened use of physical force against the person of another").

A motion for reconsideration is an inappropriate means to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. *Servants of the Paraclete*, 204 F.3d at 1012. Put differently, "[a] motion for reconsideration is not an opportunity for a party to repackage arguments or present new arguments." *Luehrman v. United States*, No. 10-CV-2360, 2011 WL 4499348 (D. Kan. Sept. 27, 2011) (unpublished).

In his original § 2255 petition, Mr. Trinkle contended that the Kansas criminal threat statute does not require the kind of violent force described in *United States v. Johnson*, 130 S. Ct. 165 (2010), that is, force capable of causing physical pain or injury (doc. 1311, at 2-5). Here, Mr. Trinkle again argues that the Kansas criminal threat statute does not require the necessary kind of violence, but he now reframes the issue, arguing that the statute's minimum *mens rea* of recklessness does not require the necessary kind of violent force. Mr. Trinkle does not attempt to explain why he failed to raise this theory previously. Moreover, as noted above, the case on which he relies to advance this argument–*United States v. Johnson*–was available when Mr. Trinkle submitted his original § 2255 petition.

The Court finds that although the *issue* raised here is the same as that raised in

9

Mr. Trinkle's § 2255 petition–the Kansas criminal threat statute does not require the kind of violent force necessary to be a "crime of violence"–the issue is raised through a new *argument*. Therefore, Mr. Trinkle's motion for reconsideration is improper because it advances a new argument. As such, Mr. Trinkle's motion for reconsideration is denied.

The Court need not reach the merits of Mr. Trinkle's claim having found it to be an improper new argument on a motion to reconsider. The Court, however, recognizes that the Kansas criminal threat statute's minimum *mens rea* requirement of recklessness might present a viable legal argument were Mr. Trinkle's motion for consideration proper for the following reasons.

For this claim, Mr. Trinkle relies exclusively on *United States v. Johnson*, 376 Fed. App'x 205 (3d Cir. 2010) (unpublished). In *Johnson*, the Third Circuit concluded that a Pennsylvania terroristic threats offense requiring a minimum *mens rea* of recklessness rather than intent was not a crime of violence for purposes of the Sentencing Guidelines. *Id.* at 207 (referring to "crime of violence" as defined in 2L1.2(b)(1)(A))[3]. The Tenth Circuit has not yet decided whether the Kansas criminal

---

[3] U.S.S.G. § 2L1.2(b)(1)(A) defines a crime of violence as "any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or *any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another*." (emphasis added). U.S.S.G. § 4B1.2(a)(1), apart from requiring that the crime is punishable by a term of imprisonment exceeding one year, contains identical "any other
(continued...)

threat statute, which similarly requires a minimum *mens rea* of recklessness, constitutes a crime of violence. The Tenth Circuit has, however, held that "a *mens rea* of recklessness does not satisfy use of physical force requirement under § 2L1.2's definition of 'crime of violence'" for a Texas assault statute. *United States v. Zuniga-Soto*, 527 F.3d 1110, 1124 (10th Cir. 2008). In *Zuniga-Soto*, the court reasoned that where a defendant may have been convicted under a Texas assault statute for reckless behavior, the state need not have proven that the defendant actively employed physical force. *Id.* at 1125. Thus, the court concluded that the "use . . . of physical force" was not an element of the offense of conviction, and the district court erred in determining that the defendant had been convicted of a "crime of violence" under § 2L1.2(b)(1)(A)(ii). *Id.*

The government relies on *United States v. Treto-Banuelos*, 165 Fed. App'x 668 (10th Cir. 2006) (unpublished) to argue that the Tenth Circuit has already determined that criminal threat under Kansas law is a crime of violence (doc. 1374, at 2). *Treto-Banuelos*, however, is distinguishable from the circumstances here. In *Treto-Banuelos*, the defendant argued that because § 21-3419 can be violated without the "use, attempted use, or threatened use of physical force against the person of another," criminal threat is not a crime of violence. 165 Fed. App'x at 670. Applying the modified categorical approach, the Court looked beyond the language of the statute to examine the official

---

³(...continued)
offense" language. Thus, the same interpretation applies to the "any other offense" language in both sections.

11

court records of the defendant's conviction.[4] *Id.* at 671. Based on the defendant's record of conviction, the court concluded that the defendant's "prior Kansas conviction for criminal threat constitute[d] a 'crime of violence' under USSG § 2L1.2(b)(1)(A) as it involved the 'use, attempted use, or threatened use of physical force against the person of another.'" *Id.*

Here, the charging documents from Mr. Trinkle's underlying conviction fail to clarify the circumstances of his violation. In addition, the documents charge a minimum *mens rea* of recklessness, stating

> [O]n or about the 28th day of April, 2000, in Leavenworth County, Kansas, one Billy Trinkle, than and there being present did unlawfully, feloniously and intentionally communication a threat to commit violence,

---

[4] The court described the record of conviction as follows:

The original complaint alleged Treto-Banuelos "unlawfully, maliciously, intentionally and without authority discharge[d] a firearm at a motor vehicle, or other means of conveyance of persons or property in which there is a human being, who is placed in immediate apprehension of bodily harm which results in bodily harm to a person during the commission thereof." (R. Supp. Vol. I at Attachment 1.) It charged him with "Criminal Discharge of a Firearm at an occupied vehicle which results in bodily harm to a person[,] a severity level 5 person felony, in violation of K.S.A. 21-4219." (*Id.*) The amended complaint, to which Treto-Banuelos pled guilty, alleged he "unlawfully [ ] communicate[d] any threat to commit violence with the intent to terrorize another, in violation of K.S.A. 21-3419. CRIMINAL THREAT is a Severity Level 9, person felony." (*Id.* at Attachment 2.) Consistent with the amended complaint, the Journal Entry of Judgment indicates Treto-Banuelos' offense was a "Person Felony Committed With a Firearm."

*Treto-Banuelos*, 165 Fed. App'x at 671.

12

with the intent to terrorize another, to-wit: Officer James Bridges, *or made such threat with reckless disregard for the risk of causing such terror*[5]

(doc. 1311, Ex. A) (emphasis added). The jury instructions from Mr. Trinkle's trial required the state to prove only a minimum *mens rea* of recklessness. The instructions state:

> The defendant is charged in Count One with criminal threat. The defendant pleads not guilty. To establish this charge, each of the following claims must be proved:
>
> 1. That the defendant threatened to commit violence;
> 2. That such threat was communicated with the intent to terrorize *or that such threat was communicated in reckless disregard* of the risk of causing terror to James Bridges; and
> 3. That this act occurred on or about the 28th day of April, 2000, in Leavenworth County, Kansas

(*id.* at Ex. B) (emphasis added). Thus, the judicial record from Mr. Trinkle's prior conviction differs significantly from the record in *Treto-Banuelos*.

C.  *Record at Sentencing*

Furthermore, if the Court is incorrect as to whether Mr. Trinkle's motion to reconsider is proper, the Court clarifies that it is not denying the motion based on the record at sentencing.

At the sentencing hearing, the Court found that the relevant guideline range with the career offender designation was 360 months to life. The Court found that without that designation, the guideline range would have been 120 to 150 months.

---

[5] Mr. Trinkle was convicted of a second count of criminal threat with identically worded language in the charging documents, except for the name of the victim.

The Court discussed, at length, why neither of those ranges was appropriate, and ultimately imposed a 240-month sentence.

In denying Mr. Trinkle's original § 2255 petition, the Court stated that "[t]here is nothing to suggest that the court would have ruled otherwise had the criminal threat convictions not been deemed crimes of violence" (doc. 1312, at 7). After reviewing the record at sentencing, the Court is convinced that arguments regarding Mr. Trinkle's career offender designation permeated the discussion at sentencing. Thus, the Court now reflects that it may have ruled differently had Mr. Trinkle successfully challenged the career offender designation.

D.   *Certificate of Appealability*

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).

For the reasons stated above, the Court finds that Mr. Trinkle has not made a substantial showing of the denial of a constitutional right as to his first claim. As to his second claim, however, the Court recognizes that reasonable jurists might disagree where to draw the line in concluding that a motion for reconsideration

advances a new *argument* within the same legal *issue*.  Accordingly, the Court grants

Mr. Trinkle a certificate of appealability on that particular issue.


**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion

for reconsideration and for certificate of appealability (doc. 1367) is denied in part

and granted in part as set forth herein.


**IT IS SO ORDERED** this 14th day of December, 2011.


                                    s/ John W. Lungstrum
                                    John W. Lungstrum
                                    United States District Judge