**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-20168-JWL |
| ) | |
| LATYSHA TEMPLE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant Latysha Temple was convicted following a jury trial of conspiracy to manufacture, possess with intent to distribute, and distribute 50 grams or more of cocaine base ("crack") and to possess with intent to distribute and distribute 5 kilograms or more of cocaine. Ms. Temple has now filed a Motion for Retroactive Application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (doc. 1433). For the reasons set forth below, that motion is denied.

**1. Background**

At sentencing, the court determined Ms. Temple's base offense level of 31 based on quantities of cocaine hydrochloride–not "crack" cocaine. The base offense level of 31, along with a 2-level enhancement for possession of firearms under § 2D1.1(b)(1), a 2-level reduction for minor role in the offense under § 3B1.2(b), and a 2-level enhancement for obstruction of justice under § 3C1.1, yielded a total offense level of 33.

With a criminal history category of II, under the United States Sentencing Commission, *Guidelines Manual* (2008), this subjected Ms. Temple to an advisory guideline range of 151- to 188-months imprisonment. She received a sentence of 151 months on September 25, 2009 (doc. 1043).

**2. Analysis**

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with the applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c)(2) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2) provides that a reduction is not authorized if none of the retroactive amendments listed in subsection (c) is applicable to the defendant.

Ms. Temple seeks to have her sentence reduced by means of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 and Amendment 750 to the United States Sentencing Guidelines. *See* U.S.S.G. § 2D1.1 (2011); United States Sentencing Commission, 76 Fed. Reg. 41,332 (July, 13, 2011) (on retroactivity). As relevant to Ms. Temple's motion, Amendment 750 revised the Drug Quantity Table set forth in § 2D1.1

2

to reflect statutory changes in the penalties for cocaine base ("crack" cocaine) offenses. She, however, was sentenced based on a quantity of cocaine hydrochloride, not cocaine base. Amendment 750 does not impact the guideline range for offenses involving cocaine hydrochloride. As a result, a reduction in the defendant's term of imprisonment is not consistent with the policy statement in § 1B1.10 and therefore is not authorized under 18 U.S.C. § 3582(c)(1) because Amendment 750 does not have the effect of lowering the defendant's applicable guideline range. *See United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (applying the same reasoning to Amendment 706).

As such, Ms. Temple is ineligible for § 3582 relief.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Retroactive Application of the Sentencing Guidelines (doc. 1433) is denied.

**IT IS SO ORDERED** this 29th day of March, 2012.

                                s/ John W. Lungstrum
                                John W. Lungstrum
                                United States District Judge